IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEVALYN VIRGINIA TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12cv64-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

Plaintiff, Nevalyn Virginia Teague, applied for supplemental security income

benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  Her application was

denied at the initial administrative level.  Plaintiff then requested and received a hearing

before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a

decision in which she found Plaintiff not disabled at any time through the date of the

decision.  Tr. 34.  The Appeals Council rejected Plaintiff's request for review of the

ALJ's decision. Tr. 1-5.  The ALJ's decision consequently became the final decision of

the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792

F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42

U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social

conduct of all proceedings and entry of a final judgment by the undersigned United States

Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction

(Doc. 10).  Based on the Court's review of the record and the briefs of the parties, the

court REVERSES the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when

the person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to
> result in death or which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative

---

Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old at the time of the hearing before the ALJ.  Tr. 43.  Plaintiff was enrolled in special education classes since the first grade and she completed the ninth grade.  *Id*.  Plaintiff's past relevant work experience was as a "fast food worker," "cleaner/housekeeper," and "landscape laborer."  Tr. 32.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since September 30, 2009, the application date."  (Step 1) Tr. 25.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "history of alcohol and cocaine addiction, not material and in reported remission; bipolar, schizoaffective disorder; status post injury to left upper forearm; status post injury to left knee; lumbar radiculopathy; and borderline intellectual functioning."  *Id*.  The ALJ then found that Plaintiff's "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  *Id*.  Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform less than the Full Range of medium work as defined in 20 CFR 416.967(c).  The claimant is able to lift and carry up to twenty five pounds frequently and fifty pounds occasionally; sit, stand, and walk for six hours each; frequently use the left upper and lower extremities for pushing and pulling; no limitation of the use of the right upper and lower extremities for pushing and pulling; frequently be[n]d, stoop, kneel, crouch, crawl, and climb ramps and stairs; no limitation on balancing; occasionally climb ladders, ropes, and scaffolds; frequently reach, handle, finger, and feel with the upper left extremity with no limitation on reaching, handling, and fingering with the right upper extremity; able to perform simple routine tasks involving no more than simple, short instructions and simple work-related decision[s]

with few work place changes; no work at a production rate of pace; occasional interaction with the general public, co-workers and supervisors; able to sustain concentration and attention for two hours; and change[s] in work setting should be infrequent.

Tr. 27.  The ALJ then concluded that Plaintiff "is unable to perform any past relevant work."  (Step 4) Tr. 32.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 32.  The ALJ identified the following occupations as examples:  "garment bagger," "cleaner/housekeeper,"[5] and "kitchen helper."  Tr. 33. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since September 30, 2009, the date the application was filed (20 CFR 416.920(g))."  Tr. 25.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  1) whether "[t]he Commissioner's decision should be reversed, because there is absolutely no support for the ALJ's RFC assessment as the record is devoid of any physical RFC assessments from any physician whatsoever"; and 2) whether "[t]he Commissioner's decision should be reversed, because while the ALJ purportedly relied on the opinion of [] Dr. Linda Duke, the decision selectively relied on portions of this

---

[5] At the hearing, in response to the ALJ's hypotheticals, the VE testified that Plaintiff would not be precluded from performing her past relevant work as a cleaner/housekeeper, but she would be precluded from performing her other past relevant work. *See* Tr. 64-71.

opinion without explaining why all of the opinion was not accepted." Pl.'s Br. (Doc. 12) at 6.  The court will address each argument below.

## V.    DISCUSSION

### A.    Whether the ALJ properly determined Plaintiff's RFC without a physical RFC assessment from a physician.

Plaintiff challenges the ALJ's RFC determination, arguing that "there is absolutely no support for the ALJ's RFC assessment as the record is devoid of any physical RFC assessments from any physicians whatsoever."  Pl.'s Br. (Doc. 12) at 6.  Thus, Plaintiff contends that "[d]ue to the ALJ's failure to obtain a physical capabilities evaluation from an examining source, . . . this court [should] reverse the ALJ's decision and remand her case for proper consideration of physical limitations."  *Id*. at 10.  The Plaintiff points the court to *Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003), arguing that in *Coleman*, the district court "found it 'unclear' how:  'the ALJ found plaintiff could meet the threshold physical requirements of medium work, in absence of a physical capabilities evaluation ('PCE') completed by a treating or examining physician, particularly in light of plaintiff's numerous severe impairments."  Pl.'s Br. (Doc. 12) at 8 (quoting *Coleman*, 264 F. Supp. 2d at 1010).  However, a number of cases disagree with *Coleman*[6] and, thus, *Coleman* is not the definitive word on this issue.

---

[6] *See, e.g.*, *Webb v. Colvin*, 2013 WL 2567556, at *5 (M.D. Ala. Jun. 11, 2013) (citing to cases rejecting *Coleman* and holding that "[l]ike those other courts, this court rejects *Coleman's* seemingly mandatory requirement that the Commissioner's fifth-step burden must be supported by an RFC assessment of a physician"); *Nelson v. Colvin*, 2013 WL 1774620, at *5 (M.D. Ala. Apr. 25, 2013) (citing *Langley* and "concludes that the ALJ did not err in finding [plaintiff]'s RFC without the benefit of a physician's assessment in the record."); *Langley v. Astrue*, 777 F. Supp. 2d 1250, 1257-58 (N.D. Ala. 2011)

Indeed, the United States Court of Appeals for the Eleventh Circuit has held that the ALJ's RFC assessment may be supported by substantial evidence, even in the absence of an opinion from an examining medical source about Plaintiff's functional capacity. *See, e.g.*, *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007) (unpublished opinion) (finding the ALJ's RFC assessment supported by substantial evidence where he rejected treating physician's opinion properly and formulated the plaintiff's RFC based on treatment records, without a physical capacities evaluation by any physician); *see also Dailey v. Astrue*, 2012 WL 3206482, at *9 (S.D. Ala. July 18, 2012) ("an ALJ may reach an RFC determination in appropriate circumstances on a record that does not include an RFC opinion from a treating or examining medical source." (citing *Griffin v. Astrue,* 2008 WL 4417228, at *10 (S.D. Ala. Sept. 23, 2008) ("While Plaintiff asserts that a physician's RFC assessment was required, she has not demonstrated that the ALJ did not have enough information to enable him to make a RFC determination, nor has she pointed to any medical evidence which suggests that the ALJ's RFC assessment is incorrect."))).  Accordingly, this argument lacks merit.

### B.   Whether the ALJ properly considered Dr. Duke's opinion.

Next, Plaintiff argues that "[t]he Commissioner's decision should be reversed because, while the ALJ purportedly relied on the opinion of [] Dr. Linda Duke, the decision selectively relied on portions of this opinion without explaining why all of the

---

(concluding that "the law of this Circuit does not require an RFC from a physician.").

opinion was not accepted." Pl.'s Br. (Doc. 12) at 10.  Specifically, Plaintiff argues that "[t]he ALJ previously acknowledged Dr. Duke's opinion that '[c]orrective supervision should be provided simply and supportively' (Tr. 26, 511-514).  Inexplicably, after giving this opinion from Dr. Duke 'great weight' and specifically stating that her opined limitations were accommodated by the foregoing residual functional capacity,' the ALJ then made an RFC assessment which failed to include the significant limitation highlighted above (Tr. 27, 31).  Furthermore, the ALJ failed to address or resolve this significant inconsistency between Dr. Duke's opinion and the RFC assessment in her decision." Pl.'s Br. (Doc. 12) at 11.  Plaintiff essentially argues the ALJ erred by failing to incorporate into her RFC finding, and the subsequent hypothetical to the VE, Plaintiff's moderate impairments in social functioning.

"Agency regulations require the ALJ to use the 'special technique' dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments." *Moore v. Barnhart,* 405 F.3d 1208, 1213 (11th Cir. 2005) (*citing* 20 C.F.R. § 404.1520a-(a)). "This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas:  'activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" *Id.* (*quoting* 20 C.F.R. § 404.1520a-(c)(3-4)).  The ALJ is required "to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions.  Failure to do so requires remand." *Id.* at 1214 (citing other circuits for this

holding).

In this case, the ALJ incorporated into her analysis the results of a PRTF completed by Dr. Duke. The ALJ found Plaintiff has "moderate restriction" in activities of daily living; "moderate difficulties" in social functioning; "moderate difficulties" with regard to concentration, persistence, or pace; and "no episodes of decompensation." (Tr. 26-27).[7] Dr. Duke also completed a Mental RFC Form, in which she opined Plaintiff was "moderately limited" in "[t]he ability to understand and remember detailed instructions," "[t]he ability to carry out detailed instructions," "[t]he ability to maintain attention and concentration for extended periods," and "[t]he ability to accept instructions and respond appropriately to criticism from supervisors." Tr. 511-12. Again, the ALJ appears to have incorporated Dr. Duke's Mental RFC into her decision noting all of Dr. Duke's limitations and noting "Dr. Duke states that the claimant has the 'ability to understand, remember, and carry out very short and simple instructions. She can maintain attention and concentration for two hour intervals. Corrective supervision should be provided simply and supportively.' (Exhibit 5F)." Tr. 26; 513. However, the ALJ failed to incorporate the limitation that "supervision should be provided simply and supportively" into her RFC though she apparently adopted this limitation.

The ALJ must consider all of Plaintiff's limitations, including those found in the

---

[7] Dr. Duke completed a Psychiatric Review Technique form in December 2009. Tr. 497-510, in which she opined Plaintiff has: 1) a "mild" limitation in "Restriction of Activities of Daily Living"; 2) a "moderate" limitation in "Difficulties in Maintaining Social Functioning"; 3) a "moderate" limitation in "Difficulties in Maintaining Concentration, Persistence, or Pace"; and 4) no episodes of decompensation. Tr. 507.

special technique. *Moore,* 405 F.3d at 1214. *See also Trebilcock v. Barnhart*, 2004 WL 2378856, *4, n. 4 (D.Me. Oct. 25, 2004) ("[o]ne would expect a finding of mild to moderate difficulty in social functioning at the PRTF stage to manifest itself in parallel findings at the [RFC] assessment stage"). Since it is not clear how Plaintiff's limitation regarding "Corrective supervision" does or not affect her work limitations, the RFC does not accurately account for all limitations arising from Plaintiff's mental impairment.[8] *See Terry v. Astrue*, 2011 WL 855346, at *14-16 (N.D. Ind. Mar. 7, 2011) (remanding where the ALJ discussed findings from both the mental RFC form and the PRTF but failed to specifically discuss doctor's finding that the plaintiff was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors. The court remanded with instructions for the ALJ to explain whether he credits this specific finding and explain how it factors into his RFC determination).

Furthermore, because the ALJ's hypothetical to the VE was identical to the ALJ's RFC, the hypothetical question was not a comprehensive description of Plaintiff's limitations or restrictions, and the ALJ's decision is, therefore, not supported by substantial evidence. *See, e.g.*, *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011) (finding that hypothetical posed to the VE was required to include claimant's moderate limitations in maintaining concentration, persistence, and pace);

---

[8] "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)).

*Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985) (holding that the ALJ's decision is not supported by substantial evidence when hypothetical used by VE does not include fully all of claimant's limitations); *Manley v. Comm'r of Soc. Sec.*, 2013 WL 2449297, at *6 (M.D. Fla. 2013) (finding "the ALJ's decision is internally inconsistent, in that although she found Plaintiff had moderate limitations in concentration, persistence and pace based on Psychologist[]'s report, without explanation, she failed to include these moderate limitation in concentration in Plaintiff's RFC.").   While it is true that when posing a hypothetical question to the VE, "the ALJ is not required to include findings in the hypothetical that the ALJ properly rejects," *Wright v. Comm'r of Soc. Sec.,* 327 F. App'x 135, 137 (11th Cir. 2009) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)), in this case, the ALJ did not reject Dr. Duke's finding.   To the contrary, the ALJ's opinion indicates that she adopted Dr. Duke's opinions and accorded them great weight.   Without a proper hypothetical to the VE, the court cannot speculate as to how this limitation affects Plaintiff's ability to work.   Accordingly, this case is due to be remanded back to the ALJ.[9]   On remand, the ALJ should clarify whether she

---

[9] *See, e.g.*, *Collins v. Astrue***,** 2010 WL 3245457, at *8 (M.D. Fla. Aug. 17, 2010) (reversing and remanding to the ALJ because the RFC and the hypothetical posed to the VE did "not account for all of Plaintiff's limitations or restrictions arising from Plaintiff's affective disorder and moderate limitations in social functioning."); *Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) (finding that "[b]ecause the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed"); *Ramirez v. Barnhart*, 372 F.3d 546, 554-55 (3d Cir. 2004) (court found hypothetical posed to VE did not "adequately capture and recite all of [the plaintiff's] mental impairments and the limitations caused by those impairments" where ALJ's PRTF included limitation that plaintiff often suffered from deficiencies in concentration, persistence, or pace but the hypothetical employed with the VE only limited the plaintiff to simple one or two-step tasks); *Whack v. Astrue*, 2008 WL 509210, *9 (E.D. Pa. Feb. 26, 2008) (court reversed and remanded where the ALJ determined plaintiff had moderate limitations in

accepted Dr. Duke's finding that "Corrective supervision should be provided simply and supportively."  If the ALJ rejected this limitation, she should explain why she rejected this portion of Dr. Duke's opinion.  If the ALJ accepted this limitation, she should explain how the limitation factors into her RFC and provide a new hypothetical to the VE.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion.  A separate judgment will issue.

Done this 26th day of August, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

concentration, persistence, and pace but, in the RFC and hypothetical for VE, the ALJ only limited plaintiff to work requiring no more than occasional contact with co-workers and/or the public and involving only simple, routine, one-to two-step tasks.  The court noted the ALJ may have had a valid explanation for this omission from the hypothetical but, as the ALJ provided no such explanation for his omission, the court held "[a]bsent further vocational expert testimony tailored to Plaintiff's precise residual functional capacity, the Court cannot speculate as to the outcome.").